UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS EDWARD TURNER,

Petitioner,

v.

CARMEN PALMER,

Respondent.
_______________________________/

Case No. 2:08-cv-11724

HONORABLE ARTHUR J. TARNOW

**ORDER DENYING PETITIONER'S MOTION TO ENTER AFFIDAVIT INTO THE RECORD AS EVIDENCE**

This is a habeas corpus action. Petitioner Thomas Edward Turner is currently confined to the Michigan Reformatory, Ionia, Michigan, in the custody of Respondent Carmen Palmer. This matter comes before the Court on Petitioner's motion to enter an affidavit into evidence in opposition to Respondent's answer to the petition.

Petitioner was convicted of first degree murder, felon in possession of a firearm, and possession of a firearm in the commission of a felony, in the shooting death of Dontanyal Reed. Reed's body was found on September 22, 2004 in a vacant lot in Detroit. Petitioner's conviction was based largely on the eyewitness testimony of a thirteen-year-old girl, Ebony Waters. Waters testified that she saw Petitioner shoot the victim, that she knew Petitioner from the neighborhood, and that Petitioner threatened her with a gun immediately after the shooting and later drove by her and her younger brother after school and shook his head. *People v. Turner*, No. 263048, 2006 WL 3423156 (Mich. App. Nov. 28, 2006).

The petition raises six claims: 1) insufficient evidence; 2) ineffective assistance of trial counsel for failing to request a voluntary manslaughter instruction; 3) suggestive identification procedure;

4) prosecutorial misconduct, based on prosecution's presentation of Water's claimed perjured testimony; 5) ineffective assistance of trial counsel for failing to present alibi defense; and 6) ineffective assistance of trial counsel for failing to impeach witnesses and failing to object to hearsay testimony.

Petitioner now seeks to have entered into evidence an affidavit that was not part of the record before the state courts either in Petitioner's direct appeal or in his subsequent motion for relief from judgment. The affidavit consists of Petitioner's assertion that he is innocent, that he requested further independent testing of the bullet recovered from the victim's body, that he was at his daughter's birthday party at the time of the crime, and that he asked his attorney to raise an alibi defense. The affidavit also analyzes certain evidence admitted at trial. Attached to the affidavit are: 1) a letter from the Wayne County Prosecutor's Office stating that the firearms evidence in the case could not be located as of October 4, 2011; and 2) an affidavit by Petitioner's fiancee supporting Petitioner's alibi and stating that Petitioner's trial attorney was aware that she could testify in support of Petitioner's alibi.

Rule 7 of the Rules Governing Section 2254 permits a federal habeas court to supplement the state court record with materials relevant to the resolution of the petition. However, under 28 U.S.C. §2254(e), a federal court may not rely on evidence not presented to the state courts unless the petitioner can show 1) either that he was diligent in seeking to develop the evidence in state court or that the claim relies on a new, retroactive rule of constitutional law, and 2) that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty. *See* 28 U.S.C. §2254(e); *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004). Petitioner did not present his affidavit or his fiancee's affidavit to the

trial court on his motion for relief from judgment. *See People v. Turner*, No. 05-000533-01 (Wayne Co. Circuit Ct. March 29, 2009) (attached to Amended Petition) (noting Petitioner's failure to submit affidavits in support of motion for relief from judgment). Since Petitioner did not submit the affidavits to the state court in his motion for relief from judgment, he has failed to demonstrate the diligence required to meet the exception of 28 U.S.C. §2254(e).[1]

Furthermore, the United States Supreme Court has stated that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011). Petitioner does not argue that his habeas claims were not adjudicated on the merits in state court, and in fact affirmatively argues that his habeas claims were fully presented in his state court proceedings. Therefore, *Cullen* precludes the Court from considering Petitioner's new evidence in reviewing Petitioner's claims under 28 U.S.C. §2254(d). *Cf. Campbell v. Bradshaw*, 674 F.3d 578, 590 n.3 (6th Cir. 2012) (declining to consider testimony taken in federal evidentiary hearing because it was not part of the state court record).

Accordingly, the Court DENIES Petitioner's motion [Dkt. 27].

s/Arthur J. Tarnow
ARTHUR J. TARNOW
Senior United States District Judge

Dated: September 25, 2012

[1]The October 4, 2011 letter from the Wayne County Prosecutor's Office, stating that it was unable to locate the firearms evidence, was not available at the time of Petitioner's motion for relief from judgment, and therefore Petitioner cannot be faulted for not presenting it to the trial court. Petitioner, however, fails to establish how the letter supports his habeas claims or establishes his innocence. The Court, therefore, would decline to exercise its discretion to consider the letter even assuming Petitioner met the requirements for admitting new evidence.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 25, 2012, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Assistant