**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS EDWARD TURNER,

      Petitioner,                   Civil No. 2:08-CV-11724
                                      HONORABLE ARTHUR J. TARNOW
v.                                 UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

      Respondent,

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND GRANTING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL _IN FORMA PAUPERIS_**

      Thomas Edward Turner, ("petitioner"), confined at the Michigan

Reformatory in Ionia, Michigan, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree

premeditated murder, M.C.L.A. 750.316(1)(a), felon in possession of a firearm,

M.C.L.A. 750.224f, and felony-firearm, M.C.L.A. 750.227b.  For the reasons that

follow, the petition for writ of habeas corpus is **DENIED.**  The Court will issue

petitioner a certificate of appealability and an application to proceed on appeal _in_

_forma pauperis._

**I.  Background**

      Petitioner was convicted of the above offenses following a jury trial in the

Wayne County Circuit Court.  This Court recites verbatim the relevant facts relied

*Turner v. Palmer,* 08-CV-11724

upon by the Michigan Court of Appeals, which are presumed correct on habeas

review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410,

413 (6th Cir. 2009):

> About a month before the incident, Dontanyal Reed, Nathaniel Foreman, and defendant moved into the home of Janice Smith. Smith testified that defendant and Reed did not get along well and had an argument the morning in question. Defendant pointed a handgun at Reed but then walked away. Defendant accused Reed of taking and selling some boots that had $1,000 worth of drugs in them. Reed left to go look for the boots. Defendant threatened Reed throughout the day. Defendant and Reed left the house together in the afternoon, walking toward Harding Street, and that was the last time Smith saw both of them. A customer came to the house and asked about defendant, indicating that he shot somebody.
>
> On the afternoon in question, 13-year-old Ebony Waters was walking down Harding Street to pick her brother up from school when she saw two men in a field arguing over money. Waters testified that the men were about six feet away from her. Waters recognized the men from the neighborhood. Waters heard the man without a gun tell defendant that he was not giving him anything, and then he began to walk backwards. The two men continued to argue, and Waters saw defendant shoot the other man.
>
> After defendant shot the other man, Waters crossed the street. Defendant crossed the street, came up behind Waters, put his arm around her, put the gun to her head and said "I won't hear anything about this, will I?" Then defendant ran up the street, jumped in a black Neon, and a lady yelled at him to come back with her car. Waters picked up her brother from school. Defendant drove by them in the black Neon, rolled down the window, and shook his head up and down at Waters. Waters had a clear view of defendant's face when she saw him in the car. Waters identified defendant at the preliminary examination and at the trial.

*People v. Turner,* No. 263048, * 2 (Mich.Ct.App. November 28, 2006).

*Turner v. Palmer,* 08-CV-11724

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 477 Mich. 1115, 730 N.W.2d 221 (2007).

Petitioner filed an application for writ of habeas corpus which was held in abeyance so that petitioner could exhaust additional claims in the state courts.

Petitioner filed a motion for relief from judgment, which was denied. *People v. Turner,* No. 05-000533-01 (Wayne County Circuit Court, March 26, 2009). The Michigan appellate courts denied petitioner leave to appeal. *People v. Turner,* No. 294912 (Mich.Ct.App. March 31, 2010); *lv. den.* 488 Mich. 911, 789 N.W.2d 479 (2010).

On March 1, 2011, this Court granted petitioner's motion to lift the stay and to file an amended habeas petition. In his amended habeas petition, petitioner seeks relief on the following grounds:

> I. Petitioner was denied due process of law where the evidence was insufficient as a matter of law to sustain a conviction beyond a reasonable doubt. U.S. Const. Amend. XIV.
>
> II. Defense trial counsel was ineffective for failing to request that the state trial judge instruct the jury regarding the lesser offense of voluntary manslaughter. Petitioner did not knowingly and intentionally waive the instruction and the lack of instruction violated due process. U.S. Const. Amends. VI and XIV.
>
> III. Petitioner's right to due process and a fair trial was violated where the identification procedure employed was unnecessarily suggestive and conducive to irreparable harm and there was no independent basis for the in court identification. Counsel's inability to object renders his representation ineffective. U.S. Const. Amends. VI, XIV.

3

*Turner v. Palmer,* 08-CV-11724

IV. Petitioner was deprived of a fair trial and due process of law where the prosecution failed to conduct a reasonable pre-trial investigation to determine whether its chief witness would perjure herself at trial. Counsel was ineffective for failing to raise this claim before or during trial. U.S. Const. Amends. VI, XIV.

V.  Defense counsel was ineffective for failing to raise the defense of alibi. U.S. Const. Amends. VI, XIV.

VI.  Defense trial counsel was ineffective and deprived petitioner of a fair trial by failing to impeach the prosecution's key witness and failing to object to damaging hearsay testimony of another witness. U.S. Const. Amends. VI, XIV.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

4

*Turner v. Palmer,* 08-CV-11724

Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's

5

*Turner v. Palmer,* 08-CV-11724

contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S.

63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must

determine what arguments or theories supported or...could have supported, the

state court's decision; and then it must ask whether it is possible fairminded

jurists could disagree that those arguments or theories are inconsistent with the

holding in a prior decision" of the Supreme Court. *Id.*

### III.  Discussion

#### A.  The procedural default issue.

Respondent contends that petitioner's second through sixth claims are

procedurally defaulted, because he raised them for the first time in his post-

conviction motion for relief from judgment and failed to show cause for failing to

raise these issues in his appeal of right, as well as prejudice, as required by

M.C.R. 6.508(D)(3).

Petitioner claims that his appellate counsel was ineffective for failing to

raise his claims in his appeal of right.  Ineffective assistance of counsel may

establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446,

451-52 (2000).  If petitioner could show that he received ineffective assistance of

appellate counsel that rose to the level of a Sixth Amendment violation, it would

excuse his procedural default for failing to raise his claims on his direct appeal in

the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000).  Given

6

*Turner v. Palmer,* 08-CV-11724

that the cause and prejudice inquiry for the procedural default issue merges with

an analysis of the merits of petitioner's defaulted claims, it would be easier to

consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d

825, 836 (E.D. Mich. 2004).

**B. The sufficiency of evidence claim.**

Petitioner first contends that there was insufficient evidence of to support

his conviction for first-degree murder.

It is beyond question that "the Due Process Clause protects the accused

against conviction except upon proof beyond a reasonable doubt of every fact

necessary to constitute the crime with which he is charged." *In Re Winship,* 397

U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the

evidence to support a criminal conviction is, "whether the record evidence could

reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v.

Virginia*, 443 U.S. 307, 318 (1979).  This inquiry, however, does not require a

court to "ask itself whether *it* believes that the evidence at the trial established

guilt beyond a reasonable doubt."  Instead, the relevant question is whether,

after viewing the evidence in the light most favorable to the prosecution, *any*

rational trier of fact could have found the essential elements of the crime beyond

a reasonable doubt. *Id.* at 318-19(internal citation and footnote

omitted)(emphasis in the original).

7

*Turner v. Palmer,* 08-CV-11724

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*  Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992).  A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir.2003).

8

*Turner v. Palmer,* 08-CV-11724

Petitioner's primary claim is that there was insufficient evidence to establish his identity as the murderer.

Ebony Waters positively identified petitioner at trial as the shooter. The Court notes that "the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction." *Brown v. Davis,* 752 F. 2d 1142, 1144 (6th Cir. 1985)(internal citations omitted). Waters unequivocally identified petitioner at trial as being the person who shot and killed the victim. This evidence was sufficient to support petitioner's conviction for first-degree murder. *See Brown v. Burt,* 65 Fed. Appx. 939, 944 (6th Cir. 2003).

In addition, there was strong circumstantial evidence linking petitioner to the crime. Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence at trial to exclude every reasonable hypothesis except that of guilt. *Johnson v. Coyle,* 200 F. 3d 987, 992 (6th Cir. 2000)(internal quotations omitted). Identity of a defendant can be inferred through circumstantial evidence. *See Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002).

Testimony at trial revealed that petitioner and the murder victim did not get along and had an argument on the morning of the murder. Petitioner pointed a firearm at the victim before walking away. Petitioner accused the victim of selling some boots that had $ 1,000.00 worth of drugs in them. Petitioner

9

*Turner v. Palmer,* 08-CV-11724

threatened the victim throughout the day.  The earlier altercation between

petitioner and the victim, as well as the fact that petitioner threatened the victim

hours before the shooting, was sufficient evidence to permit a rational trier of fact

to conclude that petitioner was the person who murdered the victim. *See*

*Pinchon v. Myers*, 615 F. 3d 631, 643-44 (6th Cir. 2010).

Because there were multiple pieces of evidence, including eyewitness

testimony, to establish petitioner's identity as the perpetrator of the murder, the

Michigan Court of Appeals did not unreasonably apply *Jackson v. Virginia* in

rejecting petitioner's sufficiency of evidence claim. *See Moreland v. Bradshaw,*

699 F. 3d 908, 919-21 (6th Cir. 2012).

**C.  The lesser included jury instruction claim.**

As part of his second claim, petitioner contends that he was denied a fair

trial when the trial judge failed to instruct the jury on the lesser offense of

voluntary manslaughter.

The United States Supreme Court has declined to determine whether the

Due Process Clause requires that a state trial court instruct a jury on a lesser

included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d

704, 717 (E.D. Mich. 2003)(citing to *Beck v. Alabama,* 447 U.S. 625, 638, n. 4

(1980)).  Thus, a state trial court's failure to give the jury an instruction on a

lesser included offense in a non-capital case is not contrary to, or an

10

*Turner v. Palmer,* 08-CV-11724

unreasonable application of, clearly established federal law as required for federal habeas relief. *Id.* *Beck* has been interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F. 3d 531, 541 (6th Cir. 2001). Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby v. Sowders*, 894 F. 2d 792, 797 (6th Cir. 1990); *See also Scott v. Elo,* 302 F. 3d 598, 606 (6th Cir. 2002). Accordingly, petitioner is not entitled to habeas relief on this portion of his second claim. [1]

**D. The suggestive identification claim.**

Petitioner next alleges that the pre-trial identification procedure was suggestive because Ms. Waters failed to identify him in two photographic arrays, identifying him only for the first time at the preliminary examination.

Due process protects the accused against the introduction of evidence which results from an unreliable identification obtained through unnecessarily suggestive procedures. *Moore v. Illinois*, 434 U.S. 220, 227 (1977). However, to determine whether an identification procedure violates due process, courts look first to whether the procedure was impermissibly suggestive; if so, courts then

---

[1] The Court will discuss the portion of petitioner's second claim alleging ineffective assistance of counsel together with petitioner's other ineffective assistance of counsel claims, *infra* p. 16 *et. seq.*

11

*Turner v. Palmer,* 08-CV-11724

determine whether, under the totality of circumstances, the suggestiveness has led to a substantial likelihood of an irreparable misidentification. *Neil v. Biggers*, 409 U.S. 188 (1972).  Five factors should be considered in determining the reliability of identification evidence: (1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention at the time of the crime; (3) the accuracy of the witness's prior description of the defendant; (4) the witness's level of certainty when identifying the suspect at the confrontation; and (5) the length of time that has elapsed between the time and the confrontation. *Id.* at 199-200.

A criminal defendant has the initial burden of proving that the identification procedure was impermissibly suggestive.  It is only after a defendant meets this burden of proof that the burden then shifts to the prosecutor to prove that the identification was reliable independent of the suggestive identification procedure. *See United States v. Wade*, 388 U.S. 218, 240, n. 31(1967).  If a defendant fails to show that the identification procedures were impermissibly suggestive, or if the totality of the circumstances indicates that the identification is otherwise reliable, no due process violation has occurred.  As long as there is not a substantial likelihood of misidentification, it is for the jury to determine the ultimate weight to be given to the identification. *See United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992).

12

*Turner v. Palmer,* 08-CV-11724

Petitioner is not entitled to habeas relief because he has failed to show that Waters' in-court identification was the result of suggestive procedures. Petitioner does not allege that the two photographic arrays were unduly suggestive. Instead, he argues that Waters' in-court identification should have been suppressed because she failed to identify petitioner at either photographic showup. An earlier failure to identify a defendant, or even a positive identification of a different suspect, does not require the exclusion of an in-court or pretrial identification, if the identification is otherwise reliable. *See Howard v. Bouchard,* 405 F. 3d 459, 484 (6th Cir. 2005)(collecting cases). Waters' failure to previously identify petitioner at the photo arrays went to the weight, not the admissibility, of her in-court identification. *Id.* at 484-85.

The mere fact that petitioner was subsequently identified by Waters at his preliminary examination does not make the identification procedure unreliable or unnecessarily or impermissibly suggestive. In *Baker v. Hocker*, 496 F. 2d 615, 617 (9th Cir. 1974), the Ninth Circuit held that a robbery victim's identification of the defendant at a preliminary hearing, after having failed to identify him at a police lineup, was not unnecessarily or impermissibly suggestive, even though the petitioner in that case was seated at the preliminary hearing next to the two co-defendants whom the victim had previously identified, thereby suggesting that petitioner was the third robber. In rejecting the claim, the Ninth Circuit admitted

13

*Turner v. Palmer,* 08-CV-11724

that any in-court identification confrontation, whether at a preliminary hearing or at trial, "carries with it the stigma of the inevitable suggestion that the state thinks the defendant has committed the crime." *Id.* at 617.  However, the Court ruled that more than suggestion is required for a due process violation.  The procedure must create 'unnecessary' or 'impermissible' suggestion. *Id.*

Moreover, assuming that the pre-trial identification procedures were unduly suggestive, petitioner has failed to show, under the totality of circumstances, that the suggestiveness led to a substantial likelihood of an irreparable misidentification.  First, Ms. Waters testified that she witnessed petitioner and the victim arguing for about fifteen minutes.  Waters viewed the argument from about six feet away.  After petitioner shot the victim, he came up to Ms. Waters and put a gun to her head.  He also drove by her in a black Neon car he had just stolen.  Moreover, Waters never identified anyone else as being the shooter.  These factors all support a finding that an independent basis existed for Waters' in-court identification of petitioner. *See Robertson v. Abramajtys,* 144 F. Supp. 2d 829, 847 (E.D. Mich. 2001.).

Finally, the reliability of Waters' in-court identification is supported by the fact that she "testified without equivocation" that petitioner was the murderer. *Howard,* 405 F. 3d at 473.  Petitioner is not entitled to relief on his third claim.

14

*Turner v. Palmer,* 08-CV-11724

**E.  The perjury claim.**

Petitioner next contends that he was deprived of a fair trial because Ebony Waters committed perjury at his trial.

The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153 (1972).  There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(internal citations omitted).  To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998).  However, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins*, 209 F. 3d 486, 517-18 (6th Cir. 2000).

Mere inconsistencies in a witness' testimony do not establish the knowing use of false testimony by the prosecutor. *Coe*, 161 F. 3d at 343.  Additionally, the fact that a witness contradicts himself or herself or changes his or her story

15

*Turner v. Palmer,* 08-CV-11724

also does not establish perjury either. *Malcum v. Burt,* 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003)(citing *Monroe v. Smith*, 197 F. Supp. 2d 753, 762 (E.D. Mich. 2001)).  A habeas petition should be granted if perjury by a government witness undermines the confidence in the outcome of the trial. *Id.*

Petitioner has failed to establish that Waters committed perjury.  Petitioner merely points to inconsistencies between Waters' prior statements to the police, her preliminary examination and trial testimony, and the evidence at trial, particularly the medical examiner's report.  This is insufficient to establish a perjury claim. *Coe*, 161 F.3d at 343 ("mere inconsistencies" do not show indisputable falsity).  More importantly, petitioner is not entitled to habeas relief on his perjury claim, because he has failed to show that the prosecutor knew that Waters testified falsely. *See Rosencrantz v. Lafler,* 568 F. 3d 577, 587 (6th Cir. 2009).

**F.  The ineffective assistance of counsel claims.**

Petitioner alleges in his second through sixth claims that he was denied the effective assistance of counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as

16

*Turner v. Palmer,* 08-CV-11724

the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Petitioner initially argues that he was constructively denied the assistance of counsel at trial because of counsel's ineffectiveness.

17

*Turner v. Palmer,* 08-CV-11724

Where defense counsel entirely fails to subject the prosecution's case to "meaningful adversarial testing," there has been a constructive denial of counsel, and a defendant need not make a showing of prejudice to establish ineffective assistance of counsel. *Moss v. Hofbauer,* 286 F. 3d 851, 860 (6th Cir. 2002)(quoting *United States v. Cronic,* 466 U.S. 648, 659 (1984)).  However, in order for a presumption of prejudice to arise based on an attorney's failure to test the prosecutor's case, so that reversal based on ineffective assistance of counsel is warranted without any inquiry into prejudice, the attorney's failure to test the prosecutor's case "must be complete." *Bell v. Cone,* 535 U.S. 685, 697 (2002).

In the present case, counsel's alleged errors did not rise to the level of the constructive denial of counsel, because counsel actively represented petitioner at his trial. *Moss,* 286 F. 3d at 860-62.  Trial counsel participated in *voir dire*, made an opening statement, cross-examined the witnesses, made objections, and made a closing argument.

The *Cronic* presumption "applies only where defense counsel completely or entirely fails to oppose the prosecution throughout the guilt or penalty phase as a whole." *Benge v. Johnson*, 474 F. 3d 236, 247 (6th Cir. 2007)(citing *Bell*, 535 U.S. at 697).   In the present case, counsel's alleged failures do not amount to a complete failure to provide a defense.  The presumption of prejudice

18

*Turner v. Palmer,* 08-CV-11724

therefore does not apply and petitioner would be required to show that he was actually prejudiced by counsel's alleged omissions in order to obtain habeas relief. *Id.*

As part of his second claim, petitioner alleges that trial counsel was ineffective for failing to request a jury instruction on the lesser offense of voluntary manslaughter.

Petitioner's primary defense strategy was a mistaken identity defense, thus, it was a reasonable trial strategy for counsel to forego requesting instructions on the lesser included offense of manslaughter. *Tinsley v. Million,* 399 F. 3d 796, 808 (6th Cir. 2005). Moreover, in addition to the first-degree murder charge, the jury was instructed on the lesser offense of second-degree murder. (Tr. 4/14/05, pp. 56-57). Although the jury was instructed on the lesser offense of second-degree murder, the jury chose to find petitioner guilty as charged of first-degree murder. Petitioner has failed to establish that he was prejudiced by trial counsel's failure to request an instruction on the lesser-included offense of manslaughter, where in addition to finding defendant guilty or not guilty of first-degree murder, the jury had the third option of convicting petitioner of second-degree murder, but the jury declined to choose this option. *See United States v. Valencia,* 188 Fed. Appx. 395, 401-02 (6th Cir. 2006).

19

*Turner v. Palmer,* 08-CV-11724

As part of his third claim, petitioner contends that trial counsel was ineffective for failing to move to suppress the suggestive pre-trial identification of petitioner.

A trial counsel's failure to move to suppress an allegedly unreliable, in-court identification is not ineffective assistance, absent a reasonable probability that the suppression motion would have resulted in a decision to exclude the testimony. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1091 (E.D. Mich. 2004).  In light of the fact that petitioner has failed to show that the lineup procedure was unduly suggestive, he has failed to show that his lawyer was ineffective for failing to move for suppression of the  pre-trial identification. *Id.*

Moreover, defense counsel cross-examined Waters at great length concerning the problems with her identification of petitioner. (Tr. 4/12/05, pp. 218-34, 237-38).  The decision to attack the credibility of Waters' identification of petitioner through cross-examination, rather than to object to the in-court identification, was a reasonable trial strategy that defeats petitioner's ineffective assistance of counsel claim. *See Millender v. Adams,* 187 F. Supp. 2d 852, 868 (E.D. Mich. 2002); *Monroe v. Stegall,* 197 F. Supp. 2d at 760 (both citing to *Killebrew v. Endicott*, 992 F. 2d 660, 665 (7th Cir. 1993)).

20

*Turner v. Palmer,* 08-CV-11724

In his fifth claim, petitioner contends that his trial counsel was ineffective for failing to call his fiancee, his mother, and his sister as alibi witnesses. The trial court rejected petitioner's claim on post-conviction review because petitioner failed to supply affidavits from the witnesses to the court to establish that these witnesses would have testified or what their proposed testimony would be. *See People v. Turner*, No. 05-000533-01, * 5 (Wayne Co. Circuit Ct. March 29, 2009).

Under 28 U.S.C. §2254(e), a federal court may not rely on evidence not presented to the state courts unless the petitioner can show 1) either that he was diligent in seeking to develop the evidence in state court or that the claim relies on a new, retroactive rule of constitutional law, and 2) that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty. See 28 U.S.C. §2254(e); *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004). Although petitioner has now provided this Court an affidavit from himself and from his fiancee Ms. Spearman, petitioner did not present this affidavit or any other affidavits to the trial or appellate courts as part of his post-conviction motion. Since petitioner did not submit the affidavits to the state court in his motion for relief from judgment, he has failed to demonstrate the diligence required to meet the exception of 28 U.S.C. §2254(e).

21

*Turner v. Palmer,* 08-CV-11724

Moreover, the United States Supreme Court has held that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).  Petitioner does not claim that his ineffective assistance of counsel claim was not adjudicated on the merits in state court, and in fact argues that his habeas claims were fully presented in his state court proceedings.  Therefore, *Cullen* precludes the Court from considering petitioner's new evidence in reviewing petitioner's ineffective assistance of counsel claim under 28 U.S.C. §2254(d). *Cf. Campbell v. Bradshaw*, 674 F.3d 578, 590, n.3 (6th Cir. 2012) (declining to consider testimony taken in federal evidentiary hearing because it was not part of the state court record).  This Court, in fact, on September 25, 2012 denied petitioner's request to expand the record to include this affidavit as part of the record before this Court. (Dkt. # 28).

Petitioner offered no evidence to the Michigan courts beyond his own assertions as to whether his witnesses would have been able to testify and what the content of these witnesses' testimony would have been.  In the absence of proof, petitioner failed to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551*,* 557

*Turner v. Palmer,* 08-CV-11724

(6th Cir. 2007).  The trial court's rejection of petitioner's fifth claim was thus not an unreasonable application of the law or the facts.

As part of his fourth claim, petitioner alleges that counsel was ineffective for failing to object to Waters' perjured testimony.  In his sixth claim, petitioner contends that trial counsel was ineffective for failing to impeach Waters with an inconsistent statement from the preliminary examination.  Petitioner does not identify what questions should have been asked.  In his motion for relief from judgment, petitioner argued that trial counsel should have impeached Waters on her conflicting testimony regarding the order of shots fired.  The judge rejected this claim during the motion for relief from judgment:

> Defendant next argues that counsel was ineffective for failing to impeach Waters with her inconsistent statements at the preliminary examination and trial.  At trial, Waters testified that she saw defendant shoot the victim once and then heard a second shot.  As discussed above, Waters testified on direct examination at the preliminary examination that she heard a gunshot, turned, and then saw defendant fire a shot at the victim.  On cross-examination [at the preliminary examination], Waters testified that she saw defendant fire the first shot, and heard the second shot.
>
> Even if counsel did not impeach Waters with her inconsistent statements, defendant has not shown that, but for counsel's failure to do so, the outcome of the proceedings would have been different.  Waters consistently testified that she was walking within approximately six feet of where defendant and the victim were arguing.  Waters than crossed the street before either hearing a gunshot and turning to see defendant fire at the victim, or seeing defendant fire the first shot, and then hearing the second shot.  Although Waters' testimony was inconsistent on the exact sequence of events, drawing attention to this

23

*Turner v. Palmer,* 08-CV-11724

small inconsistency would not have given defendant a reasonably likely chance of acquittal. Defendant is not entitled to relief from judgment on this issue.

*People v. Turner*, No. 05-000533-01, * 5-6

In this case, counsel's decision not to challenge Waters over the minor inconsistency about the order of shots was not ineffective assistance of counsel. *See Campbell v. United States,* 364 F. 3d 727, 735 (6th Cir. 2004). A review of trial counsel's cross examination of Waters as a whole indicates that he effectively challenged her credibility. Counsel noted inconsistencies regarding how much attention Ms. Waters was paying to petitioner and the victim, whether she heard the contents of their conversation, and that she told police initially that petitioner shot the victim twice. (Tr. 4/12/05, pp. 222-26). Counsel highlighted Ms. Water's statement to the police that the shooter had a "lazy eye." (*Id.* pp. 226-28). Petitioner does not have a "lazy eye," though Ms. Waters explained that she was referring to the fact that there appeared to be something in his eye. Finally, trial counsel extensively cross-examined Ms. Waters about the fact that she could not pick out petitioner from a photographic lineup and that she had never interacted with petitioner. (*Id.,* pp. 230-31). Counsel's failure to impeach Waters about the minor inconsistency over the order of the gunshots did not undermine confidence in outcome of the case, since a variety of other impeachment evidence was admitted in this case. *See Wolfe v. Bock,* 412 F.

24

*Turner v. Palmer,* 08-CV-11724

Supp. 2d 657, 676-77 (E.D. Mich. 2006). Moreover, because this discrepancy

was a minor difference in Waters' testimony and is not a basis for concluding

that she perjured herself (*See* Issue E, *supra* at 15), defense counsel was not

ineffective for failing to cross-examine Waters about her prior testimony from the

preliminary examination or for failing to assert that she perjured herself at trial.

*See Greene v. Lafler,* 447 F. Supp. 2d 780, 794 (E.D. Mich. 2006).

Petitioner finally claims that trial counsel was ineffective for failing to object

to Janice Smith's hearsay testimony that someone had told her that petitioner

had shot the victim. Even if counsel provided deficient performance in deciding

not to object to this hearsay evidence, the effect of this evidence was harmless

given the substantial amount of independent evidence of guilt against petitioner.

*Lewis v. Russell*, 42 Fed. Appx. 809, 811 (6th Cir. 2002). Defense counsel was

not ineffective for failing to object to the alleged hearsay offered during

petitioner's trial, in light of the fact that the trial court on post-conviction review,

*Turner,* No. 05-000533-01, * 6, concluded that this testimony did not prejudice

petitioner's defense. *See Adams v. Smith,* 280 F. Supp. 2d at 721.

## G. A certificate of appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in

order to appeal the denial of a habeas petition for relief from either a state or

25

*Turner v. Palmer,* 08-CV-11724

federal conviction. [2] 28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA

"only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects

a habeas claim on the merits, the substantial showing threshold is met if the

petitioner demonstrates that reasonable jurists would find the district court's

assessment of the constitutional claim debatable or wrong. *See Slack v.

McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by

demonstrating that ... jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S.

322, 327 (2003).  In applying this standard, a district court may not conduct a full

merits review, but must limit its examination to a threshold inquiry into the

underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court concludes that jurists of reason would find its assessment of the

constitutional claims debatable or wrong. *See Slack*, 529 U.S. at 484-85.  Any

doubt regarding whether to grant a certificate of appealability from the denial of a

petition for federal habeas relief is resolved in favor of the habeas petitioner, and

---

[2]  Effective December 1, 2009, the newly created Rule 11 of the Rules
Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll.
§ 2254, provides that "[t]he district court must issue or deny a certificate of
appealability when it enters a final order adverse to the applicant." Rule 11(a), 28
U.S.C. foll. § 2254.

*Turner v. Palmer,* 08-CV-11724

the severity of the penalty may be considered in making that determination. *See*

*Newton v. Dretke,* 371 F. 3d 250, 253 (5th Cir. 2004).  Any doubts regarding the

issuance of a certificate of appealability should be resolved in petitioner's favor,

in light of the nonparolable life sentence that he is serving.  The Court thus

issues petitioner a certificate of appealability.

Petitioner is also granted leave to proceed on appeal *in forma pauperis*, as

any appeal would not be frivolous.  A court may grant *in forma pauperis* status if

the court finds that an appeal is being taken in good faith. *See* 28 U.S.C. §

1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765

(E.D. Mich. 2002).

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Turner

is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the amended petition for writ of habeas

corpus (Dkt. # 12) is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court issues petitioner a certificate of

appealability and leave to proceed on appeal *in forma pauperis.*


                              s/Arthur J. Tarnow
                              Arthur J. Tarnow
Dated: January 27, 2014       Senior United States District Judge


27

*Turner v. Palmer,* 08-CV-11724

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 27, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant